## DONOVAN v DONOVAN

1. DIVORCE—SEPARATE MAINTENANCE—JURISDICTION.

   A trial court erred in dismissing a complaint for separate mainte-
   nance brought under a former statute on the grounds that the
   court had no jurisdiction over the subject matter of the com-
   plaint where the defendant had previously obtained an out-of-
   state divorce; the former statutes specified that any party who
   was a resident of this state and whose husband or wife had
   obtained a divorce in any other state may be awarded a decree
   of divorce or separate maintenance in this state, and the trial
   court, therefore, had subject matter jurisdiction over the pro-
   ceedings (MCLA 552.6, 552.301).

2. DIVORCE—SEPARATE MAINTENANCE—JURISDICTION.

   A complaint for separate maintenance, alimony, support, and a
   division of property which plaintiff alleged was in this state
   and owned by the defendant though held in the name of a
   Michigan corporation stated subject matter over which the
   court had jurisdiction and the plaintiff had a right to a judicial
   determination of the complaint on the merits, and dismissal
   based on an affidavit by defendant which alleged that he was a
   bona fide resident of Arkansas and had no property or property
   rights in Michigan was error; lack of personal service on the
   defendant and the absence of any assets over which the trial
   court could exercise jurisdiction in rem could limit the relief
   available but did not deprive the court of subject matter
   jurisdiction.

3. DIVORCE—SEPARATE MAINTENANCE—STATUTES—EFFECTIVE DATE.

   Actions for divorce or separate maintenance commenced before
   the effective date of the "no fault" divorce act are excepted
   from the effect of the act (MCLA 552.301; 1971 PA 75).

4. DIVORCE—SEPARATE MAINTENANCE—FOREIGN DIVORCE—SUPPORT.

   An out-of-state divorce obtained by a husband which made no
   property settlement and awarded no alimony or support did not

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 41 Am Jur 2d, Husband and Wife § 387 *et seq.*

terminate the wife's right to support where the wife was not personally served and made no appearance.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 April 4, 1973, at Lansing. (Docket No. 14449.) Decided May 24, 1973.

Complaint by Edythe L. Donovan against Edward E. Donovan for separate maintenance, alimony, support, and a division of property. Complaint dismissed. Plaintiff appeals. Order dismissing the complaint vacated and remanded with instructions.

*Walter Martin,* for plaintiff.

*Irving M. Hart,* for defendant.

Before: McGregor, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J. Plaintiff appeals from an order dismissing her complaint for separate maintenance, alimony, support, and a division of property which she alleges is, in fact, located in this state and owned by the defendant though held in the name of a Michigan corporation.

At the time of filing her complaint, plaintiff also obtained a temporary injunction which was served personally on certain of the corporate officers and extended to any other agents or servants of the corporation and persons acting in concert with them. The defendant husband was not personally served with process in this state.

Prior to filing of the wife's complaint defendant husband had obtained a divorce in Arkansas. No challenge is made to its validity.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In that proceeding the wife was not personally served and made no appearance. The Arkansas divorce made no property settlement, and awarded no alimony or support. In the Michigan proceeding the husband was not served personally, as above noted, and entered a "special appearance"[1] for the sole purpose of moving to dismiss. Additionally, the husband filed an affidavit, uncontroverted (except for the allegations in the wife's complaint), which alleged he was a bona fide resident of Arkansas; that he had no property or property rights in Michigan; that he was not the husband of plaintiff-appellant; and that the court had no jurisdiction over the subject matter of the complaint and no personal jurisdiction over the defendant.

The trial court agreed with these contentions and favored us with a full opinion supporting his order of dismissal. He held that:

"This court does not have the power to adjudicate that the defendant * * * is liable for support of the plaintiff * * * . To enter a judgment for alimony or to deal with other assets not subject to the jurisdiction of the court, personal jurisdiction of the defendant must be obtained."

We are compelled to disagree. The court had jurisdiction of the subject matter because the statutes in force at the time of the institution of the Michigan proceedings vested it with subject matter jurisdiction. MCLA 552.6; MSA 25.86; MCLA 552.301; MSA 25.211. These statutes were expressly excepted from the effect of 1971 PA 75, the Michigan so-called "no fault" divorce act, if the action brought pursuant to those statutes were commenced before the effective date of the act.

---

[1] GCR 1963, 735.10.

Plaintiff's action here was pending as of the effective date of the act.

One of the grounds of divorce specified in the prior statute was that any party who is a resident of this state and whose husband or wife has obtained a divorce in any other state may be awarded a decree of divorce in this state. MCLA 552.6, *supra.* The same is true in an action for separate maintenance. MCLA 552.301, *supra.*

We think the learned trial judge failed to distinguish sufficiently between subject matter jurisdiction and the nature and the extent of relief which a court could grant. It may very well be that because of lack of personal service on the defendant and the absence of any assets over which the trial court could exercise in rem jurisdiction plaintiff could be without relief from the Michigan court. We do not know and don't presume to decide.

We do hold, however, that plaintiff had and has a right to a judicial determination of her complaint on the merits.

The parties hereto were married in this state in 1937. Two children were born of the marriage. They lived together here for some 30-odd years before the husband established his Arkansas residence and obtained a divorce in that state.

Under the authority of *Reinink v Reinink*, 24 Mich App 202 (1970), we hold that the Arkansas divorce did not terminate the wife's right to support.

We vacate the order dismissing the complaint and remand for a determination on the merits consistent with the limitations on the court's ability to grant relief when the facts as to the court's in rem jurisdiction are judicially established. Costs to appellant.

All concurred.